DONALD E. BRYANT, JR. *v.* HELEN V. BRYANT
(14621)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued September 28, 1993—decision released March 1, 1994

*Donald E. Bryant, Jr.,* pro se, the appellant (plaintiff), filed a brief.

*Theodore L. Freedman,* for the appellee (defendant).

*C. Ian McLachlan, Elaine S. Amendola, Gary I. Cohen* and *Gaetono Ferro* filed a brief for the Connecticut Chapter of the American Academy of Matrimonial Lawyers as amicus curiae.

PALMER, J. The question raised by this certified appeal is whether the Appellate Court properly affirmed the order of the trial court holding the plaintiff, Donald E. Bryant, Jr., in civil contempt for his failure to comply with a marital dissolution decree requiring him to make certain payments for the benefit of the defendant, Helen V. Bryant, and the parties' children. *Bryant* v. *Bryant,* 27 Conn. App. 910, 606 A.2d 58 (1992).[1] The plaintiff claims that the trial court improperly: (1) held him in civil contempt without sufficient evidence that he had willfully failed to make the required payments; and (2) refused to consider his motion for modification jointly with the defendant's motion for contempt.[2] We conclude that the evidence of willfulness was insufficient to support the trial court's finding of contempt and, on that basis, we reverse the judgment of the Appellate Court.

The relevant facts are not in dispute. The parties' marriage was dissolved by the trial court, *Fuller, J.,* in 1988. The marital dissolution decree, which incorporated the agreement of the parties, required the plaintiff to pay alimony and child support to the defendant, and to make certain mortgage, tax and insurance payments. In February, 1991, the defendant filed a motion for contempt claiming that the plaintiff had failed to make the required payments, and a hearing

[1] We granted the plaintiff's petition for certification to appeal limited to the following issues: "1. Was the Appellate Court correct in rejecting the plaintiff's claim that the trial court, under General Statutes § 46b-8, improperly refused to consider the plaintiff's motion for modification simultaneously with the defendant's motion for contempt?

"2. Was the Appellate Court correct in rejecting the plaintiff's claim that the trial court's finding of contempt was not based on sufficient evidence?" *Bryant* v. *Bryant,* 224 Conn. 905, 615 A.2d 1046 (1992).

[2] Subsequent to oral argument, we raised, sua sponte, the question of whether the trial court's contempt finding was appealable, and requested supplemental briefs on the issue from the parties and from the American Academy of Matrimonial Lawyers. As discussed more fully hereinafter, we conclude that the contempt finding was an appealable order.

on the contempt motion was held on April 29, 1991. Several days prior to April 29, 1991, the plaintiff filed a motion for modification. A hearing date for that motion, however, had not been scheduled as of April 29. At the hearing, the plaintiff, appearing pro se, requested the trial court, *Geen, J.,* to consider his motion for modification jointly with the defendant's motion for contempt. The trial court denied the plaintiff's request.

The trial court then questioned the plaintiff, who had not been sworn in to testify, and counsel for the defendant concerning the alleged arrearage. The plaintiff conceded that he had failed to make payments required by the dissolution decree totaling $86,806.57, and the trial court found an arrearage in that amount. The plaintiff explained, however, that he had been unable to meet his obligations under the decree due to his poor financial condition, and he sought to introduce evidence to substantiate his claimed defense to the contempt motion, namely, that his failure to pay was not willful. The trial court, without affording the plaintiff an opportunity to testify or otherwise offer evidence on the issue of his asserted inability to make the required payments, found him in contempt of the dissolution decree. The trial court continued the matter until May 13, 1991, and ordered the plaintiff, by that date, to pay $5000 to the defendant and to file a proposed payment plan to satisfy the remaining arrearage.

The plaintiff appeared at the May 13, 1991 hearing with counsel, who reported to the trial court that the plaintiff had paid $5000 to the defendant but that he had not had sufficient time to complete a proposed payment plan. The plaintiff then requested that the trial court vacate its contempt finding and allow the plaintiff to introduce evidence concerning his inability to have made the required payments. The trial court denied that request, ordered the plaintiff to submit the

proposed plan by June 4, 1991, and continued the matter to that date.[3] Prior to the scheduled hearing, however, the plaintiff appealed to the Appellate Court claiming that the trial court had improperly: (1) adjudicated the plaintiff in civil contempt without sufficient evidence of willful failure to comply with the dissolution decree; and (2) refused the plaintiff's request to consider his motion for modification jointly with the defendant's motion for contempt. The Appellate Court summarily affirmed the judgment of the trial court. This appeal followed.

I

Before proceeding to the merits of the plaintiff's claims, we address the question we raised sua sponte concerning the appealability of the trial court's contempt finding. Specifically, we consider whether the trial court's contempt order that required the plaintiff to make a partial payment toward the established arrearage and to submit a proposed payment plan constituted a final judgment from which the plaintiff properly appealed to the Appellate Court. We conclude that the order of the trial court was appealable.

"With the exception of certain statutory rights of appeal that are not relevant here, appellate jurisdiction is limited to appeals from final judgments. See General Statutes §§ 51-197a, 51-199 and 52-263; see also Practice Book § 4000. Interlocutory appeals must, therefore, be dismissed. See, e.g., *Melia* v. *Hartford Fire Ins. Co.,* 202 Conn. 252, 254, 520 A.2d 605 (1987). Limiting appeals to judgments that are final serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings. See id., 258; *E.J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 626, 356 A.2d 893 (1975)." *Madigan* v.

---

[3] The trial court also agreed to hear evidence on the plaintiff's motion for modification at the hearing scheduled for June 4, 1991.

*Madigan,* 224 Conn. 749, 752–53, 620 A.2d 1276 (1993). We have recognized that some orders, however, are not readily classifiable as either final or interlocutory. Id., 753; *E.J. Hansen Elevator, Inc.* v. *Stoll,* supra, 627. "To evaluate those orders that lie in the 'gray area,' we have in recent years relied on the standard articulated in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983). That standard permits the immediate [appeal] of an order 'in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' Id., 31; *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 769, 613 A.2d 1320 (1992)." *Madigan* v. *Madigan,* supra, 753.

The defendant, relying on *Perry* v. *Perry,* 222 Conn. 799, 803–804, 611 A.2d 400 (1992), contends that the contempt order was not a final judgment, and therefore not appealable, because the trial court had not yet imposed a sanction for the plaintiff's contumacious conduct. In *Perry,* the defendant had failed to satisfy his obligation, under a marital dissolution decree, to make weekly alimony and child support payments to the plaintiff, who then filed a motion for contempt. The family support magistrate, after a hearing on the plaintiff's motion, determined the arrearage, found the defendant in contempt of the dissolution decree, and ordered him to make a payment toward the arrearage by a certain date. When the defendant failed to make the required partial payment, the family support magistrate again found the defendant in contempt and ordered his incarceration. We held that the defendant could not have appealed the contempt finding in advance of his incarceration because, until the order of incarceration, no sanction was imposed, and the contempt finding was not, therefore, an appealable final judgment. Id.

Upon reconsideration of the appealability of a civil contempt finding based upon an arrearage determined by the court resulting from the contemnor's failure to make payments under a dissolution decree, we are persuaded that such a finding is a final judgment for purposes of appeal.[4] Although a finding of *criminal* contempt generally is not appealable until a sanction or punishment has been imposed; *In re Dodson,* 214 Conn. 344, 361, 572 A.2d 328, cert. denied, 498 U.S. 896, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990); *State* v. *Curcio,* supra, 31; we do not believe that the same considerations apply in the context of a civil contempt finding where, as here, the contempt finding is premised upon a determination of the contemnor's financial obligations under a dissolution decree. In such circumstances, the civil contempt finding so substantially resolves the rights and duties of the parties that further proceedings relating to the judgment of contempt cannot affect them. See *State* v. *Curcio,* supra; see also *Madigan* v. *Madigan,* supra (order for temporary custody constitutes final judgment for appeal purposes); *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173 (1949) (order for temporary alimony and child support immediately appealable). We conclude, therefore, that a civil contempt finding based upon the determination of an arrearage under a dissolution decree is an appealable final order,[5] and that the Appellate Court had jurisdiction over the plaintiff's appeal.

---

[4] To the extent that our holding in *Perry* v. *Perry,* 222 Conn. 799, 614 A.2d 400 (1992), is inconsistent with this conclusion, *Perry* is overruled.

[5] We believe that this determination also strikes the proper balance between the right of a contemnor to seek appellate review of a contempt order and the flexibility that must necessarily be afforded a trial court in the management and disposition of family matters, which often involve the parties' ongoing rights and responsibilities. Although our holding permits a contemnor to appeal a finding of contempt in advance of an order of incarceration where the contempt finding is premised upon an arrearage, we do not limit the authority of the trial court to postpone a determination of the contempt motion or to order the contemnor's incarceration at the

## II

The plaintiff claims that the trial court improperly found him in civil contempt without sufficient evidence that he had willfully failed to make the payments required by the dissolution decree. We agree.

Due process of law "requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." (Internal quotation marks omitted.) *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 150, 496 A.2d 476 (1985). Because the "inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt"; *Tobey* v. *Tobey,* 165 Conn. 742, 746, 345 A.2d 21 (1974); *Mays* v. *Mays,* 193 Conn. 261, 264, 476 A.2d 562 (1984); the plaintiff had the right to demonstrate that his failure to comply with the order of the trial court was excusable. When the conduct underlying the alleged contempt does not occur in the presence of the court, a contempt finding "must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Internal quotation marks omitted.) *Cologne* v. *Westfarms Associates,* supra, 155; *Potter* v. *Board of Selectmen,* 174 Conn. 195, 197, 384 A.2d 369 (1978).

time of the contempt finding, if the court reasonably determines that to do so would be appropriate in the circumstances. We are not persuaded, moreover, that our holding will encourage the filing of unwarranted appeals, because such appeals are subject to the provisions of Practice Book § 4046, which authorizes the trial court to lift the stay on proceedings in the Superior Court where the appeal has been taken solely for purposes of delay. See also General Statutes § 46b-206.

At the hearings on April 29 and May 13, 1989, the plaintiff conceded that he had failed to make payments required by the dissolution decree in the total amount of $86,806.57. He asserted, however, that he had failed to make the required payments only because he was financially unable to do so, and he repeatedly requested the opportunity to present evidence in support of his defense. Notwithstanding his requests, the trial court did not hold an evidentiary hearing and found the plaintiff in contempt solely on the basis of certain unsworn representations of the defendant's counsel and a letter from the plaintiff's bank and a photograph of the plaintiff's home, neither of which had been entered into evidence. The trial court's contempt finding, therefore, lacked evidentiary support. Accordingly, we conclude that the trial court improperly held the plaintiff in civil contempt, and that a new hearing is required on the defendant's motion for contempt.

## III

The plaintiff also argues that the trial court improperly failed to consider his motion for modification jointly with the defendant's motion for contempt. We do not agree.[6]

The plaintiff bases his claim on General Statutes § 46b-8, which provides: "Whenever a motion for modification of an order for support and alimony is made to the superior court by a moving party against

---

[6] We note that a hearing was held on the plaintiff's motion for modification during the pendency of this appeal, and that the motion was denied. We address the plaintiff's claim that he was entitled to have had his motion considered with the defendant's motion for contempt, however, because our resolution of the plaintiff's first claim will necessitate a new hearing on the contempt motion. Because we conclude that a motion for modification need not be considered jointly with a motion for contempt, the plaintiff is not entitled to reconsideration of his modification motion at the new hearing. We express no view as to the merits of any request the plaintiff may make for reconsideration of the motion for modification.

whom a motion for contempt for noncompliance with such order is pending, the court shall accept such motion and hear both motions concurrently." The plaintiff asserts that the statute requires the trial court to consider the motion for modification jointly with the motion for contempt. We have previously held, however, that § 46b-8 does not impose a mandate on the trial court to hear the two motions together; *Bieluch* v. *Bieluch,* 199 Conn. 550, 553, 509 A.2d 8 (1986); see also *Mallory* v. *Mallory,* 207 Conn. 48, 57, 539 A.2d 995 (1988); *Leslie* v. *Leslie,* 174 Conn. 399, 402, 389 A.2d 747 (1978); and we see no reason to reconsider that decision.

"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. . . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Citations omitted.) *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985); *Caron* v. *Inland Wetlands & Watercourses Commission,* 222 Conn. 269, 273, 610 A.2d 584 (1992). Section 46b-8 merely sets forth a procedure whereby the trial court may consider a motion for modification jointly with a motion for contempt when doing so would be in the interests of the orderly and efficient resolution of the two motions.[7]

---

[7] This conclusion is also consistent with Practice Book § 464 (a), which provides in relevant part: "Upon an application for a modification of an award of . . . alimony or support of minor children, filed by a person who is then in arrears under the terms of such award, the court . . . in its discretion may determine whether any modification of current alimony and support shall be ordered prior to the payment, in whole or in part as the

Because the statute is designed to assist the trial court in the effective management of its docket, we are not persuaded that the legislature intended to require a joint hearing. This interpretation finds support, moreover, in the legislative history of the statute. In presenting the joint committee's favorable recommendation on the bill, Senator George C. Guidera explained: "[The bill] *would simply allow the judges* to consider [the motion for modification] and the contempt motion at the same time. . . . *I think it would expedite business and clear up the docket.*" (Emphasis added.) 16 S. Proc., Pt. 5, 1973 Sess., p. 2233. The plaintiff's claim that the trial court was required to hear the two motions jointly is, therefore, without merit.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to vacate the trial court's finding of contempt and to remand the case to the trial court for a new hearing on the defendant's motion for contempt.

In this opinion the other justices concurred.

court may order, of any arrearage found to exist." See also *Mays* v. *Mays,* 193 Conn. 261, 267, 476 A.2d 562 (1984) (trial court did not abuse its discretion in deferring action on motion for modification until contempt proceeding had been resolved).