[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO CITE IN AN ADDITIONAL PARTY
Before the court is the defendant Constance Wazniak's motion to cite in as a party defendant the parent and next of friend of the minor who brought this negligence action against the defendant property owner. The defendant seeks to have the jury determine what percentage of the total responsibility for Michael Musco's fall from the defendant's tree is due to his mother's failure to supervise him. The plaintiff objects to the motion on grounds that the parental immunity she enjoys from being sued for negligence by her child bars her being cited in even for apportionment purposes.
The court agrees with the plaintiff that § 52-102 of the General Statutes bars the citing in of any person as a party who is immune from suit and liability. See: Dubay v. Irish,207 Conn. 518 (1988); Dzenutis v. Dzenutis, 200 Conn. 290, 293
(1986). Inroads have been made on that immunity where the liability is premised on operation of certain vehicles, boats, aircraft or business activities, none of which is pled here. But the general rule still stands, that the parent is immune from such suits by the child for negligence of the kind pled here, unless the child is emancipated. The plaintiff would have the court sustain her objection without any pleading of, much less any evidence about, the child's emancipation status. This the court cannot do. Sufficient proof based on competent evidence is necessary. Unsworn representations of counsel are not enough. Bryant v. Bryant, 228 Conn. 630 (1944).
The plaintiff's objection is overruled. The court cannot decide as a matter of law without evidence that the child, about whom it knows nothing, is unemancipated and the parent thus immune from suit. The motion to cite in granted.
FLYNN, J. CT Page 7563