[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FORCONTEMPT, MODIFICATION AND VISITATION
The court has several post judgment motions for determination including a' motion for contempt, a motion for modification of support and a motion for order regarding visitation. The plaintiff is represented by counsel and the defendant is representing himself pro se. A decree of dissolution of marriage was entered on October 12, 1993. At that time, the parties had entered an agreement providing that custody of the parties' oldest child, Donja-Lee, would be with the defendant and custody of Janelle and LeVar would be with the plaintiff.
I. MOTION FOR CONTEMPT
The defendant was ordered to pay $200 per month by way of support for the period November 10, 1993 to August 10, 1994 and $244 per month for the period September 10, 1994 to August 10, 1995. Since November, 1993, the defendant has paid only $200 for the month of June, 1994. The defendant did purchase four round trip tickets at $300 each for Donja-Lee's travel from Bloomington, Indiana to the Bridgeport area. The defendant seeks a credit of $1200 for this expense, a credit of $453 for Janelle's and LeVar's dental bills and a credit of $135 for his payment of Janelle's medical bill. The only credit to which the defendant is entitled is for the $200 paid in June, 1994.
The figures contained in plaintiff's exhibit A evidence total support for the period to June 10, 1995 to be $4196 not $4440. Computing support for the period June 10, 1995 to June 29, 1995, the court finds support as ordered to be $8.13 per day for a period of 20 days to be $162.60. The court finds the arrearage, therefore to June 30, 1995, to be $4159. The court disallows any credit other than the credit of $200 for the payment in June, 1994. The court's orders for support cannot be modified by the parties themselves nor by one of the parties unilaterally taking a credit for some other payment. The amounts paid by the defendant for medical and dental expenses for Janelle and LeVar are properly the responsibility of the plaintiff under the terms of the judgment. While they were not proper deductions for support, the court shall allow them as a credit toward the arrearage and CT Page 7863 finds an arrearage of $3,571.
The court finds that the defendant was financially unable to make the payments ordered by the court for support. Certainly a substantial amount of money available for support was spent for Donja-Lee's travel from Indiana to Bridgeport. The court does not find wilful and intentional violation of the court's orders and finds that the defendant is not in contempt. See Bryant v. Bryant, 228 Conn. 630 (1994).
II. MOTION FOR MODIFICATION
At the time of the original decree, Mr. Gordon was a student at Indiana University. His financial affidavit at that time showed a net income of $122 per week. He agreed to the support orders at that time anticipating that his brother would help him. However, this did not materialize. He did not move for modification because he could not afford the filing fee for a motion for modification before this time.
The plaintiff remarried on April 8, 1994. Her married name is Boyd. Her husband is employed at the Greenwich Hospital as a paramedic. She works part time for American Home Care and shows current net income of $78 per week. Her husband's income maybe considered in considering her weekly expenses. McGuiness v. McGuiness, 185 Conn. 7 (1981). For that reason, the plaintiff has shown only the expenses attributable to the two children, that being $61.00 per week.
The defendant's financial affidavit shows $201 per week as "net weekly income", $151 net weekly earnings and $50 per week by way of gifts. While items of cash gifts are not among the inclusions of "Gross Income" in § 46b-215a-1(11) of the Child Support Guidelines Regulations, it may properly be considered in determining the amount available for support. See Askinazi v. Askinazi, 24 Conn. App. 328, 343 (1994). He is an associate instructor in the speech department studying for his PhD in Rhetorical Studies. He is presently beginning the writing of his doctoral dissertation. He plans to marry on August 12, 1995 and he would like his children to attend his wedding. At the time of the original decree, the plaintiff was employed as a "nanny". for a medical doctor earning net wages of $300 per week. She was also receiving $200 per week by way of a gift for total net cash flow of $500 per week.
The motion for modification is filed pursuant to § 46b-86(a) of the General Statutes. Section 46b-86(a) provides in pertinent part as follows:
Unless and to the extent that the decree precludes CT Page 7864 modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The court finds there has been a substantial change of circumstances by reason of the plaintiff's change in her financial circumstances, her marital status and the plaintiff's financial circumstances. The defendant's net income is higher than that reported in his financial affidavit of October, 1993 by some $30 per week. However, he was not advised of the child support guideline requirement of the then self support reserve of $135 per week which is now $145 per week. (See Preamble to Child Support and Arrearage Guidelines, para. (d)(2)(A) and (B), pg. v.)
Based upon the Child Support Guidelines, the defendant is a low income obligor whether one applies his net weekly income as $150 per week or $200 per week. Based upon a net weekly income of $150 per week, his support obligation is $4.00 per week. Based upon a net weekly income of $200 per week his support obligation is $40 per week. Additionally, this is a split custody situation [see § 46b-215a-2(c) of the Child Support Guideline Regulations] and unless one were to attribute an earning capacity to the plaintiff, her net weekly income is less than the self support reserve.
Section 46b-215(b) of the General Statutes provides that the Child Support Guidelines shall be considered in all determinations of child support awards. It further provides that in all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of the guidelines is the amount of support to be ordered. In view of the fact that both parties are low income obligors, it is clear that the presumption that the guidelines CT Page 7865 should apply has been rebutted. See Battersby v. Battersby, 218 Conn. 467,472 (1991). The court finds that it would be inequitable or inappropriate to apply the guidelines in this case. Further, there is justification to deviate from the child support guidelines because of the nonreimbursable medical expenses of the children and the extraordinary-parental expense for the defendant incurring significant visitation expenses. Sections 46b-215a-3(b)(2)(B) and46b-215a-3(b)(3)(A) of the Child Support Guideline Regulations.
The court must apply the criteria of § 46b-84(c) of the General Statutes. The court, having applied that criteria and having considered all of the evidence together with an earning capacity for the plaintiff, modifies the current order of support from $244 per month to $250 per month that the defendant should pay to the plaintiff for the support of the two children in her custody and the amount of $125 per month that the plaintiff should pay to the defendant. The net effect is that the defendant shall pay $125 per month to the plaintiff until the plaintiff is no longer obligated to pay support for Donja-Lee, at which time the defendant's obligation for support to the plaintiff shall be $250 per month. Such modification shall take effect on July 1, 1995 and shall be payable on the first of each month thereafter. Additionally, the defendant shall pay $25 per month on the arrearage until Donja-Lee has reached her majority and thereafter $50 per month until said arrearage is fully paid. These orders, unless earlier reviewed by the court on future motions for modifications, shall be reviewed at such time as the defendant has obtained his PhD and subsequent employment. He shall so notify the plaintiff when this has occurred.
III. MOTION FOR ORDER RE: VISITATION
The defendant has moved for an order of visitation that the two children residing with the plaintiff might visit with him during the summer months. More particularly, he has requested that Janelle and LeVar accompany him to Jamaica for the period July 24 to August 23, 1995. In the past he has had them visit with him for the months of July and August. However, this year the plaintiff has refused to allow them to visit the defendant because she fears the defendant will not return with the children from Jamaica. The defendant plans to marry while in Jamaica on August 12th.
The judgment of the court provided that each party would have the right of reasonable visitation with the children. The transcript of proceedings provided that each parent would have "reasonable, liberal and flexible" visitation. (Page 9 of the transcript of proceedings held on October 12, 1993 before the Honorable Romeo Petroni.) The plaintiff CT Page 7866 has brothers and sisters in Jamaica. The defendant has family in Jamaica. The plaintiff testified that the children would reside with her from September to June and that after June the children would be sent to the defendant. This she testified was the agreement of the parties.
The court must consider what is in the best interests of the children pursuant to the provisions of § 46b-56 of the General Statutes. The children residing with the plaintiff are 11 and 9. They would be with their father while in Jamaica. The court is of the opinion that the defendant will return to Indiana. He is nearing the conclusion of his studies for his PhD and clearly will return to complete those studies. The court finds that it is in the children's best interests to visit Jamaica with their father and that the defendant may have visitation with the children from an agreed upon date in July prior to July 24 to August 23 or 24 as agreed upon between the parties. The plaintiff shall be supplied with the address at which the children will be residing at all times and the telephone number where they may be reached. The children shall call the plaintiff at least once each week at the defendant's expense.
The defendant has also requested that the court order alternate holiday visitation. Since the children will be spending July and August with the defendant, the court orders that the parties shall alternate the children's Christmas school vacation. For the year 1995, Christmas shall be spent with the defendant and in future odd numbered years. The children shall spend Christmas, 1996 with the plaintiff and in future even numbered years. As the children in the plaintiff's custody become older, that is 13 and 11 respectively and older, the parties shall consult with them to determine their wishes with respect to holiday and summer visitations.
Orders shall enter in accordance with the foregoing and to the following effect:
1. Motion for contempt denied. Arrearage found in an amount of $3,571 to June 30, 1995. Twenty-five ($25.00) Dollars per month to be paid on that arrearage increasing to Fifty ($50.00) Dollars per month on April 1, 1997 (the date Donja-Lee reaches her 18th birthday or to the conclusion of high school if 1997 is her senior year).
2. Motion for modification granted. Support modified to $250 per month to be paid by the defendant to the plaintiff and $125 per month to be paid by the plaintiff to the defendant for a net of CT Page 7867 $125 per month to be paid by the defendant to the plaintiff until April 1, 1997 (the date Donja-Lee reaches her 18th birthday or to the conclusion of high school if 1997 is her senior year, at which time the defendant shall pay the plaintiff $250 per month.
3. Motion for order regarding visitation granted, the children to visit the defendant and permitted to accompany him to Jamaica for the period July 24 to August 23, 1995.
EDGAR W. BASSICK, III, JUDGE