[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S APPEAL FROM FAMILY SUPPORT MAGISTRATE
On February 17, 1998, Family Support Magistrate Harris T. Lifshitz found the defendant, Dean Barr, in contempt of court for failure to pay child support in accordance with a June 19, 1992 court order requiring Barr to pay $78 per week in child support and $5 per week towards an arrearage due the state. The plaintiff, Tonya Perry, was not present at the February 17, 1998 hearing. The minor child, Crystal Perry, is in foster care. A Support Enforcement Officer was present and sought a lump sum order towards moneys paid by the state on behalf of the minor child. The magistrate found that the defendant owed a $16,161.62 arrearage to the state and found the defendant in contempt of court for failure to pay any child support since 1994. The magistrate ordered the defendant to resume payment of his support order of $78 per week plus $5 per week towards the arrearage, and ordered the defendant to pay an immediate lump sum payment of $800. The defendant did not pay that amount and was incarcerated. CT Page 9627 Thereafter the purge amount was paid, allegedly by the defendant's family, and the defendant was released from incarceration. The defendant filed a timely appeal from the magistrate's decision on February 27, 1998.[1]
Preliminarily, this court finds that the magistrate's decision is a final judgment from which an appeal lies. The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of the court. Walton v. New Hartford,223 Conn. 155, 162 n. 9, 612 A.2d 1153 (1992). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) Bryantv. Bryant, 228 Conn. 630, 635, 637 A.2d 1111 (1994) (finding that a civil contempt order based upon a support arrearage in a dissolution action is an appealable final order).
"A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal . . . ." General Statutes § 46b-231 (n)(1). "The two part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision. . . . Second, the person must establish that his or her interest has been specially and injuriously affected by the decision." Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980
(1995). This court finds that because the magistrate's decision found an arrearage in support payments and ordered
"The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 46b-231 (n)(7).
Pursuant to General Statutes § 46b-231 (n), the defendant CT Page 9628 appeals the magistrate's finding of contempt on the ground that the evidence demonstrated that the defendant did not have the ability to purge himself because he is disabled and unable to work, and therefore the contempt order was punitive.
"Contempt proceedings are a proper means of enforcing a court order of child support. A willful failure to pay court ordered child support as it becomes due constitutes indirect civil contempt." Mulholland v. Mulholland, 31 Conn. App. 214, 220,624 A.2d 379 (1993), aff'd 229 Conn. 643, 643 A.2d 246 (1994). "To find a party in contempt, a trial court must conclude that a party has disobeyed an order of the court." (Internal quotation marks omitted.) Castro v. Castro, 31 Conn. App. 761, 764,627 A.2d 452 (1993). Section 46b-231 (m)(7) empowers the magistrate to "determine whether or not an obligor is in contempt of the order of the superior court or of a family support magistrate and may make such orders as are provided by law to enforce a support obligation . . . ." See Perry v. Perry, 222 Conn. 799, 805,611 A.2d 400 (1992), rev'd on other grounds, 228 Conn. 630, 636,637 A.2d 1111 (1994) (finding such authority constitutional). "One of the remedies available to a court that finds a party in civil contempt due to that party's failure to pay court ordered support or alimony is the confinement of the contemnor until the contempt is purged." Emerick v. Emerick, 28 Conn. App. 794, 797,613 A.2d 1351 (1992), cert. denied, 224 Conn. 915, 617 A.2d 171 (1992), citing General Statutes § 46b-87. contempt proceedings, the contemnor must . . . have the ability to purge himself." Eldridgev. Eldridge, 244 Conn. 523, 533, A.2d (1998). "The inability of a party to obey an order of the court, without fault on his part, is a good defense to the charge of contempt. . . . The contemnor must establish that he cannot comply, or was unable to do so." (Citation omitted; internal quotation marks omitted.) Id., 532;Perry v. Perry, supra, 222 Conn. 805. The defendant has the burden of proving that he is unable to comply with an order of the court. Perry v. Perry, supra, 805.
Before the magistrate on February 17, 1998, Dean Barr testified to the for following. He has been unemployed since November 1993. He collected unemployment compensation from 1993 until 1996, and has no income at the present time. He does not work because he considers himself disabled since he injured his back when he fell down some stairs in January, 1996. However, he applied for a job at Quality Tire in Mystic two weeks before the CT Page 9629 February 17, 1998 hearing. Otherwise, he could not remember the last time he applied for a job. He quit his job at PJ tire in 1993 because his employer refused to investigate allegations that Barr was hit in the stomach by another employee with a hammer. He did not file a workers' compensation claim, file criminal charges, or bring legal action against the employee who allegedly assaulted him. He was arrested for driving while intoxicated in August, 1997; his brother purchased the alcohol. He currently lives with his father who pays the rent, pays utilities, purchases groceries, and gives Barr money for miscellaneous expenditures. He has not asked his family to help him pay his child support obligations because he believes they are financially unable to do so.
The magistrate found that Barr failed to prove an inability to comply with the child support order and, therefore, found him in contempt for failure to pay any child support since 1994. The magistrate found that Barr's failure to gain employment and pay child support was willful. The magistrate found that the evidence did not indicate that Barr is disabled and unable to work.[2] The only evidence Barr submitted in support of his contention that he is disabled was a letter from his doctor, which did not state that Barr was disabled, but, rather, that Barr is manipulative and unmotivated to return to work. Magistrate Lifshitz noted that Barr was told what medical evidence he would need to produce to prove he was disabled. That information was given to Barr by Magistrate Sosnoff in August of 1997. At the February 1998 hearing, however, Barr failed to produce any such evidence. The magistrate found Barr's testimony generally not credible. The magistrate reasoned that despite Barr's testimony that he is unable to work, he has managed to provide for his own support for five years. The magistrate noted that Barr could have asked his family for assistance in paying his child support obligations. The magistrate also noted that he found Barr's testimony regarding his reasons for quitting his job in 1993 suspicious.
This court finds that the magistrate properly concluded that Barr did not meet his burden of proving that he is unable to comply with the child support order. The magistrate reasonably found that Dr. Katechia's letter did not indicate that Barr is disabled. Finding that Barr's failure to pay child support was willful, the magistrate properly found him in contempt of court.Mulholland v. Mulholland, supra, 31 Conn. App. 220. The record reflects a reasonable and lawful basis for the magistrate's decision . CT Page 9630
Accordingly, the defendant's appeal is denied and the magistrate's decision is affirmed.
Martin, J.