[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is plaintiff's appeal from the order of the Family Support Magistrate continuing a finding of contempt against him.
In May of 1998, the plaintiff, Craig Berthiaume, initiated dissolution of marriage proceedings. In September of 1999, the defendant moved for contempt, stating that the plaintiff was in arrears on orders of the court. On October 12, 1999, the family support magistrate made a finding of contempt, with incarceration stayed, and set a $1000 performance bond; the matter was continued to November 16, 1999. On November 16, 1999, the plaintiff was found delinquent in the amount of $793, of which he paid $450. On that date, Family Support Magistrate Reynolds ordered a capias for $1000 on the plaintiff, and stayed execution of the capias.
On November 30, 1999, the magistrate ordered that the capias, with stay, should remain, because the plaintiff was not present and his presence had not been excused. Judgment of dissolution entered on December 3, 1999, but the plaintiff reserved his right to argue the amount of any arrearage. On December 7, 1999, the performance bond was released and the capias was vacated by the magistrate, there being no current arrearage. However, Magistrate Reynolds "continued [the finding of contempt] to monitor it." Transcript, p. 15. The magistrate stated: "He's been current since October 12th. I'm putting the matter over to February 22nd of 2000, to monitor compliance." Id. From the continuance of the contempt, the plaintiff now appeals to the Superior Court, pursuant to General Statutes § 46b-231 (n). The plaintiff's appeal makes two claims: CT Page 10241 First, the magistrate's action was in violation of his due process rights as guaranteed by the United States constitution and the Connecticut constitution. Second, because he was in full compliance with the support orders, continuing the contempt is beyond the magistrate's statutory powers. There is no opposition to the appeal.
 DISCUSSION
General Statutes § 46b-231 (n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." "The two-part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision." Newman v. Newman,235 Conn. 82, 663 A.2d 980 (1995). See also Rinaldi v. Rinaldi, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 0111973S (January 6, 1999, Kenefick, J.) Because the plaintiff is living under the threat of incarceration, he is aggrieved.
"It is axiomatic that the jurisdiction of an appellate tribunal is limited to appeals from judgments that are final. The mortar that creates the bind is our policy to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level."Cardona v. Negron, 53 Conn. App. 152, 156, 728 A.2d 1150 (1999). SeeState v. Curcio, 191 Conn. 27, 31, 463 A.2d 566 (1983) (articulating a two-part test to determine final judgments for purposes of appeal). The Connecticut Supreme Court held that "a civil contempt finding based upon the determination of an arrearage under a dissolution decree is an appealable final order. . . ." Bryant v. Bryant, 228 Conn. 630, 636,637 A.2d 1111 (1994). Thus the family support magistrate's decision finding the plaintiff to be in continuing contempt with incarceration stayed for the next two months, although he owed "zero arrearage" in child support is an appealable order. Transcript, p. 12.
General Statutes § 46b-231 (n)(7) provides: "The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or remand the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support CT Page 10242 magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
On review of a finding of contempt, a court is, "technically limited to questions of jurisdiction such as whether [the magistrate] had authority to impose the punishment and whether the act or acts for which the penalty was imposed could constitute a contempt." Wilson v. Wilson,38 Conn. App. 263, 271, 661 A.2d 621 (1995). In the present case, the magistrate did not have the authority to impose contempt upon the plaintiff, because he owed "zero arrearage." The magistrate did not have the authority to continue the contempt for the purpose of monitoring continued compliance.
At the time of the magistrate's continuance of the contempt order, with incarceration stayed, the plaintiff was up to date on his child support payments. He can be likened to the defendant in Mays v. Mays, 193 Conn. 261,476 A.2d 562 (1984), where the contemnor was committed to the custody of the commissioner of corrections "until such time as [he] purge[d] himself [by paying all of the arrearage]." Id., 264. The Connecticut Supreme Court thus held in Mays that the court had exceeded its authority because the "order of confinement until purged. . . . does not specify what the defendant must do in order to purge himself except to pay the entire $5220 arrearage, a feat which the evidence does not even remotely suggest he was able to perform." Id., 266. The case was remanded to the trial court, "so that the court may set forth in the order the condition under which the defendant may be deemed to have purged himself and to be entitled to his release from imprisonment. Those conditions, of course, must be reasonably within the power of the defendant to meet. An order of confinement upon an adjudication of civil contempt must provide the contemnor with the key to his release in terms which are not impossible for him to satisfy." Id., 266-67.
"To effectuate the purpose of civil contempt, the contemnor should be able to obtain release from the sanction imposed by the court by compliance with the judicial decree." Connolly v. Connolly, 191 Conn. 468,482, 464 A.2d 837 (1983). Because the contemnor in Connolly had "adequately demonstrated a willingness to make the requisite payments once the court concluded he was legally bound to do so, [his] willingness to purge himself of the contemptuous behavior should have been acknowledged." Id. The Supreme Court thus concluded that the finding of contempt was erroneous, because the trial court's adjudication of contempt was premature. Id. 483. In Bryant v. Bryant, supra, 228 Conn. 632, CT Page 10243 the Supreme Court ruled that the evidence of willfulness on the part of the defendant "was insufficient to support the trial court's finding of contempt," and reversed the judgment of the Appellate Court. The plaintiff, like the contemnors in Connolly and Bryant, was willing to pay, in fact he had paid the arrears. Nevertheless the magistrate continued the contempt order, at the same time shutting him out and giving him no "key" to secure his release. Such a decision is an act which exceeds the magistrate's authority and violates the plaintiff's due process rights. Although the plaintiff has not been imprisoned, he does have the threat of incarceration hanging over his head and he has not been provided with the "key to his release." Having already purged himself by paying the arrearage, there is nothing more that he reasonably could do to bring himself in compliance with the magistrate's orders. Clearly, the magistrate's continuance of the contempt order exceeds his authority. General Statutes § 46b-231 (n)(7)(A) and (B).
In Bryant, supra, our Supreme Court found that the refusal to permit the plaintiff to show inability to pay was a violation of his due process rights. Here the magistrate continued a finding of contempt even though the plaintiff was in compliance with the court's current order. The plaintiff's due process rights have been violated; his liberty is threatened by the contempt order remaining outstanding even though he is not in violation of the court's order. General Statute § 46b-231 (n) (7)(B) The plaintiff's due process rights guaranteed by the Fifth andFourteenth Amendments of the Constitution of the United States and Article 1, § 9 of the Connecticut Constitution are violated by the procedure employed by the Magistrate. Therefore, the decision of Magistrate Reynolds is reversed and remanded with direction to vacate the finding of contempt.
McLachlan, J.