[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION OF CHILD SUPPORT AND CONTEMPT AND ON DEFENDANT'S MOTION FOR CONTEMPT
I.Plaintiff's Motions
A. General Background Information
The plaintiff mother and the defendant father, whose marriage was dissolved on April 30, 1993 are the parents of two minor daughters, i.e. Jessica, age eleven and Tanya, age nine, both of whom reside with their mother. The most recent child support court order dated December 3, 1997, requires defendant to pay $85 per week child support to the plaintiff. His payments on this obligation have been irregular at best, CT Page 14796 and the parties have stipulated that defendant is indebted to plaintiff in the amount of $6,780.78 as of November 1, 2000. An existing order requires defendant to pay plaintiff $15 per week additionally on a past arrearage. Plaintiff now requests that this court modify the existing child support order, claiming a substantial change of financial circumstances, and further seeks to have defendant found in contempt for failure to comply with existing child support orders.
In defendant's lengthy testimony before this court he stated that he was a plumber by trade but that as a result of an automobile accident in January, 1993 he has been prevented from working steadily and full time in that capacity. He related that his injuries included a fractured left femur, right ankle, pelvic bone and hip, requiring the insertion of metal rods in both legs and the substitution of an artificial kneecap. He further testified that his various physical problems have prevented him from obtaining a driving position, that he is unable to do heavy lifting or standing on his feet for a long period of time and that he has "handicapped plates" on his automobile. In cross-examination he stated that he had seen his orthopedic surgeon two or three times in 1998, twice in 1999 and once in 2000.
Defendant's employment record since the entry of the present support order is spotty and unimpressive. In his own words "Since the divorce I haven't held a job for more than a year. I've had six jobs since leaving Zott Plumbing. The longest I've held a job is eleven months with E.B. Dickenson." He left that job when his employer requested that he work Saturdays, thus being a conflict with his visitation schedule.
Defendant is presently employed as a first aid instructor by the American Red Cross, earning a gross weekly income of $120 with a net weekly income after the usual deductions of $108. In expanding on his employment status as set forth in his financial affidavit defendant described his present job as a "babysitting instructor." He testified that "my training at A.R.C. will end in the next couple of months. After that I'll make $10.50 per hour for a forty hour week."
B. Conclusion
This court is aware that the inability of a party to comply with a child support order through no fault of his own is a good defense to a charge of contempt. Bryant v. Bryant, 228 Conn. 630, 637 (1994). While defendant gives the appearance of lacking motivation demonstrated by others in similar physical circumstances, and while his reasons for leaving past positions of employment are personal rather than physical, this court is nevertheless not convinced at this moment that defendant's failure to pay proper child support was inexcusable. Accordingly being of CT Page 14797 the opinion that defendant must in the next few weeks fulfill his expressed employment goals, it is ordered that defendant pay as child support to plaintiff the sum of $118 weekly commencing January 8, 2001 and that he also pay the weekly sum of $15 on said arrearage of $6,780.78.
Plaintiff's motion for contempt is denied.
II. Defendant's Motion for Contempt
Defendant has filed a motion for contempt dated October 28, 2000 claiming in essence that plaintiff refused defendant visitation with his daughters on Father's Day, June 16, 2000.
The facts in this care can most charitably be described as a tempest in a teapot. Defendant testified that he drove to plaintiff's home on the Friday before Father's Day, and was to pick up his two daughters for that weekend. He said plaintiff told him she was not going to let him have the children for the weekend. Plaintiff's explanation was that daughter Tanya had been invited to a sleep over on Friday evening, that she suggested that he take daughter Jessica that evening or, in the alternative, that she drive both daughters to his home the following morning, and that defendant refused her suggestion and drove off.
This court finds the explanation of plaintiff to be the more credible and mature response to a situation common among parents of young children. Defendant's motion for contempt is accordingly denied.
John D. Brennan Judge Trial Referee