[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPEAL FROM DECISION OF FAMILY SUPPORT MAGISTRATE
The defendant George Lefebvre appeals from an order of the Family Support Magistrate dated June 3, 2002. On June 3, 2002, the defendant appeared with court-appointed counsel at a continued hearing before Magistrate Christine Baran to determine whether he was in compliance with his child support obligation. Also present at the hearing was the plaintiff Tricia DeSimone, formerly Tricia Lefebvre, mother of the two minor children Rebecca and Sarah.
The previous orders of the court had originally been entered in a child support enforcement proceeding, FA9S 0124467 State of Connecticut v.George Lefebvre, Judicial District of Waterbury. On February 10, 1995, he was ordered to pay $28 per week per child, and an additional $5 per week on an arrearage owed to the State of Connecticut for AFDC benefits previously paid out for his children. On November 15, 1999, the arrearage payment was increased to $10 per week by order of the court. By that date, the defendant had been the subject of fifteen contempt hearings before the Family Support Magistrate, at four of which he failed to appear such that a capias was ordered to secure his appearance. As of November 15, 1999, the defendant owed the State an arrearage of $7166.68 and owed an arrearage directly to the plaintiff
By return date of October 5, 1999, the plaintiff instituted divorce proceedings against the defendant. A judgment of dissolution of marriage was entered on January 6, 2000, incorporating the prior child support and arrearage orders, and transferring all further activity from the earlier child support enforcement file to the dissolution file, FA99 0155270Tricia Lefebvre v. George Lefebvre. Since the institution of the dissolution of marriage proceeding, the defendant has been the subject of an additional seventeen contempt hearings[1], at three of which he failed to appear and at a fourth of which he left during a recess of his CT Page 8715 case and failed to appear when the case was recalled, necessitating the issuance of a capias in each such instance.
It is from the order issued at the thirtieth contempt hearing that the defendant appeals. He appeals the magistrate's order of June 3, 2002, finding him in contempt, finding an arrearage owed to the plaintiff of $904[2], and committing him to the custody of the Commissioner of Correction until such time as he paid a purge figure set at $616.[3]
At that hearing, the defendant attempted to show that he was not in wilful contempt of the order to make regular child support payments by offering evidence that he was unable to work due to injuries he suffered in an automobile accident the previous October. He presented a copy of a "disposition slip" from the medical office of Tribury Orthopedics dated May 6, 2002, and signed by Dr. Glenn Taylor. The note indicates that the defendant was last examined on March 14, 2002, that he suffered from "C5-6 disc degeneration and bulge," and that "he is presently unable to perform any type of work." The defendant presented this note to the court on June 3, 2002, as evidence of his inability to meet his support obligation. The defendant also referred the court to an earlier letter signed by Dr. Taylor, presented to the court on March 18, 2002, which stated that the defendant suffered from "chronic neck pain and limited range of motion" because of his herniated disc, that the defendant was to undergo a six week course of physical therapy, and that he was "totally disabled from work until after he has completed his treatment plan."
The defendant has elected to present no further evidence on this appeal. Rather he relies on the transcripts of the hearings of May 6 and June 3, 2002, and on oral argument elaborating on the grounds for appeal listed in his petition. The plaintiff appeared pro se to respond with oral argument. The State of Connecticut Child Support Enforcement Office declined to appear.
The defendant's argument on this appeal is that the family support magistrate erred in finding that the defendant nonetheless had the ability to comply with the $56 per week child support order. He couches his claims in the language of due process, and further claims that the magistrate's decision is "made upon unlawful procedure; affected by other error of law; clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record [; and] arbitrary and capricious. . . ." Petition for Appeal, para. D.
The defendant is correct that he is entitled to due process of law at his hearing on contempt of court. In Connecticut, this requires that he be "advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be CT Page 8716 represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." Bryantv. Bryant, 228 Conn. 630, 637, 637 A.2d 1111 (1994) (internal quotation marks omitted). Although the hearing before the magistrate proceeded in a somewhat disorganized fashion, with the magistrate interjecting questions and comments during the presentation, it is clear from a reading of the transcript of the hearing that the defendant was given a full opportunity to present, and that he did in fact present, evidence in "defense or explanation" of his failure to make regular and timely payments. His claim was that he could not work to make money to pay the modest support obligation. In support of that he presented the physician's correspondence. He was ably assisted by his lawyer in doing so, and in arguing his cause. There was no due process violation here.
The remaining claim is that the magistrate's decision was clearly erroneous, arbitrary and capricious, and an abuse of discretion.
The burden at a contempt hearing is on the contemnor to establish that he is unable to comply with the order of the court. Eldridge v.Eldridge, 244 Conn. 523, 532, 710 A.2d 757 (1998). "Whether to find a party in contempt is ultimately a matter within the trial court's discretion." Id.
The implicit finding of the magistrate was that the defendant could nonetheless do some work despite any pain or limitation of range of motion, given that he had an obligation to his two minor children, even if the work only involved collecting cans for redemption to raise $56 per week for child support. Indeed, the defendant concedes at argument on this appeal that the magistrate was not bound to accept as fact the opinion of Dr. Taylor that the defendant was too injured to work.
In the view of the magistrate, the evidence presented by the defendant was too insubstantial to convince her that he could not muster the physical stamina to come up with the modest sum the court had ordered, or indeed any regular payments of whatever amount, to avoid a contempt finding. Nor was the coercive sanction of incarceration an abuse of discretion. The magistrate had before her, as this court has had, the two court files containing the history of the defendant's compliance with orders of the court. The defendant has never filed a motion to modify the support order first entered over seven years ago. Although he had previously been briefly incarcerated after service upon him of a capias, he had never before been committed to the custody of the Commissioner of Correction as a result of a contempt finding. Rather the magistrates who have presided over this case have, over time, progressively increased the court's supervision of the defendant's conduct in relation to his failure to make regular and timely payments, including requiring monthly CT Page 8717 appearances in court to report on payments made, job searches accomplished, and medical treatment completed. Each technique has so far met with only limited compliance by the defendant. The order of June 3, 2002, was intended to ratchet up the consequences to the defendant of his repeated failure to with the orders of the court. The magistrate did not abuse her discretion in ordering his incarceration and setting a $616 purge figure.
The decision of the family support magistrate is affirmed.
 ___________________ Patty Jenkins Pittman, Judge