## JOSEPHINE AVELLA *v.* ANTONIO AVELLA
### (13763)

Heiman, Spear and Hennessy, Js.

Argued September 19—decision released November 7, 1995

*Alfred F. Morrocco, Jr.*, with whom, on the brief, was *Thomas W. Conlin*, for the appellant (plaintiff).

*William F. O'Shea*, with whom, on the brief, was *Louis Kiefer*, for the appellee (defendant).

SPEAR, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for modification of alimony that was ordered pursuant to

the dissolution of the parties' marriage. On appeal, the plaintiff asserts that the trial court's modification of the alimony was improper because (1) the evidence did not support a finding of a substantial change in circumstances, and (2) the court considered the defendant's motion for modification prior to rendering a decision on the plaintiff's motion for contempt. We disagree with both of the plaintiff's assertions and affirm the judgment of the trial court.

The pertinent facts are as follows. In 1991, the plaintiff brought an action for dissolution of the parties' marriage. On January 7, 1993, the trial court granted a dissolution of the nineteen and one-half year marriage. Pursuant to a stipulation that was made part of the judgment, the trial court ordered the defendant to maintain the plaintiff on his medical insurance plan for three years under COBRA, but ordered the plaintiff to pay for the cost of the insurance. The trial court further ordered the defendant to pay the plaintiff $271 per month as alimony, "which shall be nonmodifiable as to amount . . . ."[1] At the time of the judgment, the plaintiff was unemployed. On July 19, 1993, the defendant filed a motion to open the judgment claiming that the

---

[1] The plaintiff makes no claim in her brief that this language precluded the trial court from modifying the alimony pursuant to General Statutes § 46b-86 (a). Section 46b-86 (a) provides in pertinent part: *"Unless and to the extent that the decree precludes modification,* any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.) Rather, the plaintiff claims that modification was improper because there was not a substantial change in circumstances and because the parties did not intend "that the plaintiff's alimony be tied to reemployment and ability to obtain health insurance . . . ." Accordingly, since the plaintiff has failed to brief the issue as to whether the nonmodifiable clause precluded modification, we must treat the issue as abandoned. *Bridgeport Hospital* v. *Commission on Human Rights & Opportunities,* 232 Conn. 91, 115, 653 A.2d 782 (1995); *Allstate Ins. Co.* v. *Link,* 35 Conn. App. 338, 343, 645 A.2d 1052, cert. denied, 231 Conn. 924, 648 A.2d 161 (1994).

plaintiff's recent employment constituted a substantial change in circumstances. The parties subsequently entered into a stipulation on August 2, 1993, whereby they agreed to terminate the order requiring the defendant to maintain medical insurance for the plaintiff. The stipulation was silent as to alimony.

On September 23, 1993, the defendant filed a motion to open and correct the judgment, a motion to reform the separation agreement, and a motion for modification. On December 21, 1993, the plaintiff filed a motion for contempt, alleging that the defendant was in arrears on his alimony and child support payments. On June 15, 1994, the trial court denied the defendant's motion to open and correct the judgment and his motion to reform the separation agreement. The trial court, however, granted the defendant's motion for modification and modified the alimony to "zero dollars as of September 19, 1993." The trial court took no action on the motion for contempt and this appeal followed.

I

The plaintiff first maintains that, pursuant to General Statutes § 46b-86 (a),[2] there was not a substantial change in circumstances to warrant the termination of alimony. The plaintiff contends that the trial court should have focused on the time period between the August 2, 1993 stipulation and the defendant's September 23, 1993 motion for modification in determining whether there had been a substantial change in circumstances. She further asserts that the trial court improperly considered the time period between the original judgment and the defendant's motion for modification in making its determination. We do not agree.

The plaintiff principally relies on language in commentary that states: "Once there has been a modifica-

---

[2] See footnote 1.

tion of the original decree, any subsequent modification depends upon changed circumstances arising not since the original decree but since the date of the earlier modification." 7 A. Rutkin, E. Effron & K. Hogan, Connecticut Practice Series: Family Law and Practice with Forms (1991) § 34.8, p. 583. Because the stipulation of August 2, 1993, constituted a modification of the original decree, the plaintiff maintains that the trial court should have used the date of the stipulation, and not the date of the original decree, in determining the appropriate time period for reviewing whether there was a substantial change in circumstances.

The plaintiff's reliance on that particular language in the commentary is misplaced. The language that immediately follows in the commentary states: "It is not sufficient for there simply to have been a substantial change of circumstances since the time of the immediately previous court proceeding. Rather, the change must be since the most recent prior proceeding *in which an alimony order was entered.*" (Emphasis added.) Id. Although the stipulation entered into by the parties modified the original judgment with respect to medical insurance and child support, the stipulation was silent as to alimony. The most recent prior proceeding in which an alimony order was entered was the original judgment awarding the plaintiff alimony of $271 per month. Accordingly, it is the date of that judgment that must be used in determining whether a change in circumstances warranted a modification of the alimony award. The record reflects that after the date of the original judgment, the plaintiff was able to secure full-time employment as well as health benefits. The trial court did not abuse its discretion in finding a substantial change in circumstances and, consistent with that finding, in modifying the alimony order.

## II

The plaintiff next claims that pursuant to Practice Book § 464 (a), the trial court was required to consider

her motion for contempt prior to, or concurrent with, the defendant's motion for modification. We disagree.

Practice Book § 464 (a) provides that "[u]pon an application for a modification of an award of . . . alimony . . . filed by a person who is then in arrears under the terms of such award, the court shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and, in its discretion, may determine whether any modification of current alimony . . . shall be ordered prior to the payment, in whole or in part as the court may order, of any arrearage found to exist." The plaintiff maintains that this language mandates that the trial court consider the motion for contempt prior to the motion for modification.

Our cases have held that Practice Book § 464 (a) is merely directory. "The court [has] discretion in deferring action on the motion for modification until the contempt proceeding [has] been resolved." *Mays* v. *Mays*, 193 Conn. 261, 267, 476 A.2d 562 (1984); see also *Bryant* v. *Bryant*, 228 Conn. 630, 639, 637 A.2d 1111 (1994). We are also guided by General Statutes § 46b-8 and our Supreme Court's recent interpretation of that statute. Section 46b-8 provides that "[w]henever a motion for modification of an order for support and alimony is made to the superior court by a moving party against whom a motion for contempt for noncompliance with such order is pending, the court shall accept such motion and hear both motions concurrently." In *Bryant*, the Supreme Court, in deciding whether § 46b-8 is mandatory or directory, concluded that "[§] 46b-8 merely sets forth a procedure whereby the trial court *may* consider a motion for modification jointly with a motion for contempt when doing so would be in the interests of the orderly and efficient resolution of the two motions." (Emphasis added.) *Bryant* v. *Bryant*, supra, 639. Although the court in *Bryant* addressed the

issue of whether § 46b-8 is mandatory or directory, the court, in concluding that the statute was directory, emphasized that "[t]his conclusion is also consistent with Practice Book § 464 (a) . . . ." Id., 639 n.7. Therefore, the right of the trial court to defer action on the motion for modification under § 46b-8, and likewise under Practice Book § 464 (a), is discretionary. Granting the defendant's motion for modification prior to taking action on the plaintiff's motion for contempt was an appropriate exercise of that discretion.

The judgment is affirmed.

In this opinion the other judges concurred.