[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE PLAINTIFF'S MOTION TOMODIFY (#132) AND THE DEFENDANT'S MOTION TO MODIFY (#135)
The parties' marriage was dissolved by decree entered August 2, 1989 (Novack, J.) (#121). By agreement of the parties, new orders for child support and alimony were entered on January 19, 1990 (Coppeto, J. ) as follows:
 "By agreement of the parties, the defendant Mr. Bard is ordered to pay $100.00 per week for child support plus, another $50.00 per week in alimony. When the son Greg turns age 18, the defendant shall pay $150.00 per week to the plaintiff in alimony. The defendant shall receive $850.00 from the proceeds of the sale of the marital home as a credit for child support paid by the defendant during the period when the son Greg was living outside the home (approximately 17 weeks). It is so ordered."
This January 19, 1990 order did not affect the alimony order that commenced after the sale of the house. Therefore, this court compares the present circumstances with the 1989 circumstances,Avella v. Avella, 39 Conn. App. 669.
At the time of the divorce and at the time of entry of the present orders the defendant was employed by the Internal Revenue Service. He continued to be employed by IRS until June 30, 1995 when he retired. At the time of the dissolution his disposable net income was $693.86 weekly after mandatory tax deductions as shown on his financial affidavit (#118) dated July 28, 1989. He turned sixty on January 3, 1986.
The minor son turned 18 on February 10, 1990. The plaintiff was unemployed during 1989 and 1990 and is unemployed now. The plaintiff is 58, was taking Lithium in 1989 and 1990 for an "unspecified emotional or mental condition", quoting the finding in the memorandum of decision, and for the past five years has been taking Prozac. She spent her time at home in 1989 and 1990 and is now living with her 89 year old mother in her mother's house. CT Page 1652
The plaintiff lists $41.93 weekly dividends and interest. The plaintiff has liquid assets totaling $103,000.00 shown on her return. The plaintiff's interest and dividend income for 1994 was $2,701.00 on her IRS 1040 return (Defendant's Exhibit B). Nothing was offered to explain the paltry return on these funds unless the income from the mutual funds are inadvertently excluded. The court takes judicial notice that a U.S. Treasury bond of one year maturity is yielding over 5%.[1] The plaintiff had no liquid funds in 1990. Further, the plaintiff's expenses in 1990 totaled $552.00 weekly and now total $483.39 weekly. The court concludes that the plaintiff's need for alimony continues.
The defendant's weekly pension is $822.46 gross, less Federal Tax listed at $205.61 and State Tax of $37.00, leaving $579.85 before a health insurance deduction of $22.68. The defendant lists $2.00 dividends weekly.
The defendant has remarried. His present wife has an earning capacity of $32,500.00 annual gross salary but has carpal tunnel syndrome, has been operated on and has been receiving Workers' Compensation benefits. She is selling her home and she and the defendant plan to relocate to Florida.
The defendant's retirement is found to be a substantial change in his circumstances, Misinonile v. Misinonile, 35 Conn. App. 228. This court must now consider the factors in §46b-82, except the causes of the dissolution and the length of the marriage which both predate the last modification and remain current, Borkowski v. Borkowski, 228 Conn. 729, 738. The parties' age differences remain constant. In this case it is the defendant's income stream that is to be contrasted with the 1990 circumstances. Child support obligations have ended. The defendant's net pension is 83% of his 1990 net income. The defendant's expenses listed were double his income in 1989 and are again double his income now. The current alimony order is $1,550.00 monthly, or $375.70 weekly.
Having considered all the factors in § 46b-82 and having reviewed all the evidence the court is satisfied the defendant has established a sufficient basis for his motion to be granted.
The defendant's motion is granted.
The defendant is ordered to pay to the plaintiff the sum of CT Page 1653 $200.00 weekly periodic alimony effective upon the filing of this memorandum.
The plaintiff's motion is denied.
Harrigan, J.