[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE DEFENDANT'S NOTION FOR REARGUMENT AND TOREOPEN, MODIFY, AND/OR CLARIFY (#131)
The court's memorandum of January 19, 1996 is incorporated by reference and the undersigned will not restate it here.
The defendant urges the court to treat the cash payments CT Page 3201 pursuant to the unallocated alimony and child support order as unrelated to the parties' financial responsibilities for the education of their children. If this proposition is accepted, then the defendant, relying on Avella v. Avella, 39 Conn. App. 669, urges this court to reconsider its ruling which excluded evidence of the financial circumstances existing prior to April 4, 1994, the date of the order expanding the plaintiff's financial obligations for the children's education.
The April 4, 1994 order provided for an 80%/20% division for:
 "a. Private school tuition for Jared and Brett b. Room and board for Jared c. Laundry, books, school trips, and school store charges d. Necessary transportation for Brett e. Dental expenses for minor children"
In entering that order the court at that time was obliged to consider the factors set out in § 46b-84(c).
 "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."
One of the elements is the "educational status and expectation" which in this case includes private schooling.
The court cannot characterize the order as anything but an expansion of the plaintiff's child support obligation. The court is satisfied that Borkowski v Borkowski, 228 Conn. 729 controls the instant issue. The defendant's reliance on Avella is misplaced.
The court, having reconsidered the issue, declines to reverse its ruling and considers its position clarified.
HARRIGAN, JUDGE CT Page 3202