[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION (#114) ANDMOTION FOR CONTEMPT (#119)
CT Page 9196
Before the court are the plaintiff's motion for modification and the defendant's motion for contempt. Based upon a review of the file and after consideration of all the evidence, the court finds the following facts.
The marriage of the parties was dissolved on November 15, 1991. The parties had entered into a written separation agreement which was incorporated by reference into the judgment of dissolution. Article III of the Agreement concerned alimony. It provided that the plaintiff would pay the defendant as alimony the sum of $42,000 per year for a period of ten years, or until the happening of certain events none of which are pertinent here. The Agreement also provided for a cost of living adjustment (COLA) for inflation or deflation from January 1, 1993 through 1996.
The court also finds, according to the plaintiff's affidavit filed at the time of dissolution, that the plaintiff was earning $162,500 gross per annum, $117,400 net as a vice-president of sales for Commodities Corporation. The plaintiff was involuntarily terminated from this employment in 1992.
In approximately 1993 and in all subsequent years, the plaintiff was self-employed as an investment banker under the name of Chatsworth Capital Corporation (Chatsworth). The plaintiff had a fifty percent interest in Chatsworth. His earned income from Chatsworth was approximately $4,000 in 1993, $4,700 in 1994 and $40,000 in 1995. The plaintiff's financial affidavit filed in March, 1996, indicates that his estimated income in 1996 from Chatsworth would be $40,000. As of the date of the first hearing on these motions, in May, 1996, the plaintiff had taken out $20,000 as earnings but had then put about that much back into the business. The court finds that the plaintiff's 1996 earnings from Chatsworth's will probably be approximately $40,000.
The plaintiff also had significant liquid assets at the time of the dissolution and thereafter. He owned a securities account at Smith-Barney which had the following value: July, 1995, $252,000; March, 1996, $217,000; May, 1996, $200,000. He also had a Dreyfus account which fluctuated from July, 1995, $6,300; March, 1996, $20,000; May, 1996, $6,000. Finally, he had an individual retirement account (IRA), which grew from $225,000 in CT Page 9197 July 1995 to approximately $262,000 in May, 1996.
In May, 1995, the parties entered into a modification of the judgment (#110) which was approved by the court on July 3, 1995. If affected the $40,000 yearly alimony in three respects. First, the defendant waived the payment of alimony from September 1, 1994 through September 30, 1995, in consideration of the plaintiff paying the minor child's private school tuition. Second, it deleted the COLA for alimony contained in the original judgment. Third, the plaintiff acknowledged an arrearage of several obligations under the original judgment, including an alimony arrearage of $13,332. The plaintiff was to pay the arrearage, with interest, beginning October 1, 1995 at $1,000 per month for twelve months, and $809.72 per month for the next twenty four months.
The defendant has filed a motion for contempt. The plaintiff has moved for an alimony modification. A pivotal issue is whether the court looks to the original judgment in November, 1991, or the later modification in July, 1995, to determine whether there has been a substantial change in circumstances.
"It is well . . . established that when a party, pursuant to Sec. 46b-86, seeks a post judgment modification of a dissolution decree that earlier had been modified, he or she must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the earlier modification." (Citations omitted)Borkowski v. Borkowski, 228 Conn. 729, 736 (1994). This principle then, requires the court to examine the circumstances in July, 1995, the date of the last modification, to determine if there has been a substantial change in circumstances between then and now.
The plaintiff seeks to avoid the application of this general rule by contending that the "[1995] stipulation did not modify alimony, but only suspended its payment to the [defendant] in lieu of payment of the same amount to a school for the parties' child's benefit." Plaintiff's memorandum of law in support of motion for modification, p. 2 (7/16/1996). The plaintiff relies on Avella v. Avella, 39 Conn. App. 669 (1995) for this proposition.
In Avella, the plaintiff appealed the trial court's granting of the defendant's motion for modification of alimony. The plaintiff contended that the trial court should have focused on the time period between an earlier stipulation and the date of CT Page 9198 the motion for modification in determining whether there had been a substantial change in circumstances. Instead, the trial court considered the time period between the original judgment and the defendant's motion for modification in making its determination.Avella, supra, at 671. The Appellate Court affirmed the trial court, because the intervening stipulation had been silent as to alimony.
This court does not believe that Avella controls the instant case, and agrees with the defendant that the relevant time span is between July, 1995 — the date of the earlier modification and May, 1996 the date of the plaintiff's motion to modify. This is because the early modification here, unlike that in Avella, fundamentally affected the order of alimony. It expressly waived it altogether for a period of 13 months, it eliminated a COLA provision, and it provided a mechanism for payment of an arrearage. These were fundamental of the original alimony order. Also, as the defendant correctly notes (see defendant's post trial brief, pages 1 through 2 (7/26/96)), the plaintiff himself has moved for a modification "because of a substantial change of his financial condition since July, 1995 . . ." (Emphasis added) (Motion #114). The plaintiff urged and was granted an appropriate limitation in the scope of discovery, accordingly. He cannot be heard, now, to ask the court to consider a different theory of a substantial change in circumstances.
With the issue of the appropriate parameters for the motion now established, the decision concerning modification is not especially difficult. The plaintiff's earnings at the time of modification in July, 1995 were $40,000 per year, and the court expects his earnings to be the same in 1996. As far as the plaintiff's assets are concerned, there has been a drop in the value of his securities account, but it is offset by a gain in his Dreyfus account and in his individual retirement account. Therefore, any diminution in the plaintiff's total asset picture is insubstantial.
In sum, the plaintiff has not met his burden of proving a substantial change in circumstances, and his motion for modification is denied.
The court finds that there is an arrearage due by the plaintiff to the defendant in the total sum of $31,876, through and including July 31, 1996. The failure of the plaintiff to pay this arrearage has been willful, as he undoubtedly has the means to CT Page 9199 pay but has chosen not to pay. The plaintiff is, in contempt of the court's order.
The court enters the following orders:
(1) The plaintiff is ordered to pay the arrearage of $31,876 in not less than three equal payments on or before November 30, 1996, December 31, 1996 and January 31, 1997.
(2) The plaintiff is ordered to pay any arrearage which has accumulated between August 1, 1996 and October 31, 1996, in not less than three equal payments on or before November 30, 1996, December 31, 1996 and January 31, 1997.
(3) The plaintiff is ordered to pay the balance of the arrearage found on; July 3, 1995, according to the tenor of the agreement between the parties.
(4) The plaintiff is ordered to pay $4,000 towards the defendant's counsel fees no later than November 30, 1996.
(5) The defendant's motion for additional costs (#124) is denied.
Dated at Stamford, Connecticut, this 12 day of November, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE