[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT TO MODIFY ALIMONY
The defendant, Norton I. Virgien, Jr., by written motion dated December 7, 1998 requested that the court reopen the judgment and modify the order of alimony payable by the defendant to the plaintiff in the amount of $1,300.00 per month. The plaintiff, Blanche Caufield Virgien, appeared through counsel and contested said request. The parties litigated the matter on April 7, 1999 and May 21, 1999 and have submitted written argument and briefs as requested and ordered by the court.
By way of background, the plaintiff instituted a complaint seeking a dissolution of marriage and other relief on May 21, 1981. On February 8, 1982 the court entered a judgment dissolving the marriage. The court ordered the defendant to pay to the plaintiff the sum of $1,300.00 per month as periodic alimony commencing February 20, 1982 and continuing thereafter on the 20th day of each month. The court also found that, "it is contemplated that the defendant husband will have a substantial increase in earnings in the future". The court further ordered that the defendant transfer all of his right, title and interest in and to the jointly owned real estate located at 20 Gun Mill Road, Bloomfield, Connecticut to the plaintiff subject to the existing first mortgage on the property which the plaintiff was ordered to assume, pay and hold the defendant harmless from any liability thereon. The court also further stated in the judgment "AND IT IS FURTHER NOTED BY THE COURT that full disclosure has CT Page 8740 been made relative to the defendant's interest in a partnership known as Burr Meadows located in South Windsor, Connecticut."
The financial affidavit submitted by the defendant at the time of the dissolution indicated that he had total weekly net income from all sources in the amount of $349.41 per week. This weekly sum translates to a monthly net income of $1,502.46. This matter according to the court file proceeded to judgment on an uncontested basis. The court made a specific finding in the judgment that the defendant's income would substantially increase in the future. There is further a reference in the judgment that the defendant had fully disclosed all of his interest in a business real estate partnership which could be a source of future income.
An award of periodic alimony is subject to modification upon a showing of a substantial change in circumstances of either party without regard to whether such change in circumstances was contemplated at the time of the dissolution of the marriage. Public Act 90-213, Section 46, Fahey v. Fahey, 227 Conn. 505
(1993). In determining whether a modification of alimony is appropriate, the court must consider the statutory factors of the Connecticut General Statutes Section 46b-82 and 46b-85, Borkowskiv. Borowski, 228 Conn. 729 (1994). The party seeking the modification of the alimony order bears the burden of showing the existence of a substantial change of circumstances of either party. Jaser v. Jaser, 37 Conn. App. 194, 204 (1995). Further, the court must consider the most recent orders of the court concerning alimony in determining whether alimony should be modified at this time. Avella v. Avella, 39 Conn. App. 669, 672
(1995); Borowski v. Borowski, supra. The record reflects that there has been no modification of the original periodic alimony order entered by the court in the judgment dated February 8, 1982.
After hearing the testimony of the parties and reviewing the exhibits submitted by the plaintiff and defendant, the court makes the following findings of fact: At the time of the dissolution of marriage between the parties, February 8, 1982, the defendant was 57 years old and was a real estate broker and developer. He had a gross income of $487.03 and a net income of $349.41. Said income was derived from his profession as a real estate broker and in real estate ventures. The total net cash value of all assets to be $111,268.00 inclusive of the marital home at 20 Gun Mill Road, Bloomfield, Connecticut, property at 124-D Highland Street, Manchester, Connecticut, a 1981 Phoenix CT Page 8741 automobile, bank accounts, cash value of life insurance and an interest in the Heritage Group. He had liabilities in the total amount of $8,400.00 and total weekly expenses of $489.16 as a result of debts to the General Motors Acceptance Corporation and Mastercharge. The plaintiff, at the time of the dissolution of the marriage had gross income from her bed and breakfast business in the amount of $453.00 with weekly expenses of $382.00 for a net income of $72.50. As to her assets, she had equity in the jointly owned marital residence at 20 Gun Mill Road, Bloomfield, Connecticut, a 1981 GMAC automobile and miscellaneous contents of home and furnishings (valued at $15,000.00) for a total cash value of assets of $101,154.00. She also had weekly expenses of $593.73.
In addition to ordering the $1,300.00 per month periodic alimony paid by the husband to the wife, the trial court ordered that the lion share of the parties' assets, namely the equity of the Gun Mill Road, Bloomfield, Connecticut property be transferred to the sole ownership of the plaintiff. According to the affidavits of the parties the net equity in said property ranged from $171,000.00 to $172,309.00. At the time of the dissolution of the marriage the plaintiff was 54 years old and was the operator of a bed and breakfast at the marital residence of 20 Gun Mill Road and further operated a crewel embroidery business with value unknown at the time of the dissolution.
Subsequent to the dissolution of the marriage, the defendant continued in his profession as a real estate broker and also embarked in real estate development. He also remarried and purchased various properties with his new spouse as joint tenant, each owning fifty percent of said properties. The defendant and his wife also invested money obtained from his business as a real estate broker. At the time of the filing of the present motion the defendant owned real estate as joint tenants with his present wife as follows:
1. 41 Ayrshire Lane, Avon, Connecticut, market value $290,000.00, mortgage $85,000.00, equity $205,000.00;
2. 30 Pintail Circle, South Windsor, Connecticut, market value $136,500.00, mortgage $88,000.00, equity $48,500.00;
3. 2045 Gulf of Mexico Drive, Florida, market value $190,000.00, mortgage $80,647.00; equity $109,326.00; and CT Page 8742
4. 1 Phelps Lane, Simsbury, Connecticut, market value $186,000.00, mortgage zero, net value $186,000.00.
The court attributes one half of the above sums as the net equity of the defendant in the above properties in the amount of $274,413. The wife's fee simple interest in the 60 Gun Mill Road, Bloomfield, Connecticut property is valued at $255,000.00. Said property is subject to a mortgage balance of $16,700.00 for a total equity of $238,300.00. All of the above valuations have been determined by appraisers and stipulated to by the parties.
The defendant is also found to be owner of one half of other joint assets namely various stocks, bonds and mutual funds as of May 17, 1999 in the total value of $105,872.00 with fifty percent attributable to his ownership in the amount of $52,936.00.
The plaintiff is further found to be the owner of a checking account in the amount of $7,500.00 containing inherited funds and a CD to First Union Bank in the amount of $5,000.00 totaling $12,500.00 in liquid assets. The defendants assets total $327,349. The plaintiff's assets total $250,800.
Since the date of the dissolution the defendant has retired and is presently a recipient of Social Security in the amount of $272.00 per week. He also receives interest and dividends from his one-half of the stocks, bonds, mutual funds and so forth in the amount of $39.04 totaling $311.04 per week. The court finds a deduction for medicare in the amount of $10.00 per week resulting in net weekly income from all sources of $301.04.
The plaintiff's income at the time of the hearing totals $574.00 per week consisting of $126.00 per week for Social Security, $143.00 net per week on the bed and breakfast, and $302.32 per week (representing the alimony paid at the amount of $1,300.00 per month)
The plaintiff retired as a real estate broker/developer in 1989 and has lived off of Social Security, investment income and financing of jointly owned properties. The plaintiff did not engage in any gainful employment (other than bed and breakfast operation) subsequent to the date of the dissolution of the marriage in 1982. The plaintiff has used the alimony and income from her bed and breakfast to maintain and operate the bed and breakfast out of the family dwelling deeded to her by the terms of the dissolution of the marriage. The plaintiff has been able CT Page 8743 to maintain said property and her lifestyle solely with the income received from the bed and breakfast, alimony and Social Security.
The defendant's maintained his lifestyle from his continued employment as a real estate broker until retirement and net income from real estate sales and investments with his wife for the past ten years.
The defendant contends that his alimony payments should be reduced by 50% due to his retirement and lack of a pension. The defendant further testified that he has been required to use the equity in the above properties and liquidation of other investments to pay the alimony order and to maintain a lifestyle that the plaintiff claims more lavish and worldly than the plaintiff has enjoyed post dissolution. The defendant testified that the existing order of $15,600 per year would leave him with only Social Security after paying the existing order from the assets liquidated (Defendant's Exhibit 8).
The plaintiff argued that she has retired and presently needs the existing alimony income stream to meet her weekly expenses and mortgage payments. She argues that his expensive lifestyle and failure to adequately prepare for future retirement is the reason he can't afford to pay the alimony. She further contends that his income has increased from the income stated on his financial affidavit at time of the financial affidavit and therefore, he should not receive any relief from the periodic alimony obligation. As stated above, the court must view the claims of the parties comparing the financial condition at the time of the dissolution to the condition existing at the time of the filing of the motion to modify. Avella, supra.
The court concludes that the alimony order at the time of dissolution of $1,300.00 was predicated on the fact that the defendant would be earning substantially more money per week in the near future. This finding is logical and consistent with the income shown on the defendant's financial affidavit, the findings of the trial judge set out in the judgment and the further fact that the case proceeded to judgment on an uncontested basis. The court judgment contemplated a substantial increase in income post judgment. To hold otherwise would defy logic and leave reason at the doorstep of the courthouse. Misinonile v. Misinonile,35 Conn. App. 228, 233 (1994). CT Page 8744
The court concludes that the periodic alimony order should be modified to $1,000.00 per month after considering the statutory authority of 46b-82 and 46b-85 as applied the facts found from the evidence and court record. Said order shall be effective from its date, July 1, 1999. The defendant, while living a richer lifestyle is permitted to retire on the one hand, but still must address his court ordered obligation on the other hand. The defendant, who lacked employment skills at the time of the dissolution made no attempts to seek additional training and/or employment since the dissolution of the marriage. This fact must be weighed, however, against the defendant's lack of foresight in planning for retirement.
The court concludes that a substantial change in circumstances has resulted from the defendant's retirement in 1989 and his use of funds obtained from real property sales, refinancing of properties and investments obtained since the date of the marriage to maintain the alimony order. Said assets were obtained from income made since the divorce and assets brought to and/or purchased since the remarriage of the defendant and his new wife in 1983.
The defendant has retired and is not presently receiving the substantial increased earnings contemplated by the trial court at the time of the dissolution of the marriage. The plaintiff has not sought to increase her income since the date of the dissolution. Further, the defendant will be forced to liquidate assets to pay the modified alimony order. Turner v. Turner,19 C.L.R. 630, (1997)
The Court further denies the plaintiff's request for attorney's fees requested in her post trial memorandum of law. The plaintiff failed to claim by way of a motion, an allowance to defend and further failed to place her claim for attorney's fees and bases therefore into evidence at the time of the hearing.
James J. Devine, Judge