[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Christine Allard, appeals from a denial of a post-judgment motion to modify child support by the Family Support Magistrate (Harris T. Lifshitz, Magistrate) pursuant to General Statutes § 46b-231 (n). The plaintiff claims that the magistrate (1) erred by failing to give the plaintiff, whose sole income is supplemental security income (SSI) disability benefits, the benefit of the statutory presumption that the amount of support calculated under the child support guidelines is the amount of the support to be ordered; and (2) erred by finding the plaintiff has an earning capacity which would permit her to pay $50.00 a week, where the plaintiff has been found totally disabled by the social security administration and receives SSI disability benefits as her sole income and no evidence was offered to establish an earning capacity. The court, having reviewed the file, including a transcript of the proceedings before the Family Support Magistrate on February 27, 2002, hereby find the following facts.
The parties' marriage was dissolved on December 10, 1987. The divorce judgment awarded custody of the parties' two children to the defendant and ordered the plaintiff to pay child support of $50.00 per week, allocated as $25.00 per week for each child.[1] On October 5, 2001, the plaintiff filed a postjudgment motion for modification of child support alleging she is now disabled and receiving SSI. She requested the support obligation be reduced to zero.
The family support magistrate initially heard the motion for modification on December 19, 2001, and continued the matter to February 27, 2002. (Lifshitz, Magistrate.) He ordered the plaintiff to bring proof from social security that she is collecting SSI disability benefits, as well as proof from a doctor stating why she cannot work.
Both parties appeared on February 27, 2002, again without counsel. Also CT Page 14163-a present at the hearing was Ann Goodrich from Support Enforcement. Admitted into evidence were the following documents: Plaintiff's Exhibit A, statement dated February 6, 2002 from the Social Security Administration stating plaintiff was receiving $525.00 a month in SSI disability benefits; Plaintiff's Exhibit B, letter dated January 17, 2002, from Sandra Dykhuis, M.D., which stated that the plaintiff was currently on disability and unable to work; Plaintiff's Exhibit C, letter dated February 14, 2002 from Leslie A.F. McArdle, M.S.W., which stated that the plaintiff has been diagnosed with a co-occurring major mental illness and the stress induced not only by seeking, but in attempting to retain employment would be detrimental to the plaintiff's mental health. The plaintiff also submitted a financial affidavit showing her monthly income to be $525.00 a month.
The plaintiff was collecting city disability payments when the original child support order was entered in 1987 and has been collecting SSI for a number of years. (Tr. 8, 2/27/02.) She has not made any payments of child support since the date of the divorce judgment.
The magistrate denied the motion for modification and ordered the plaintiff to pay $25.00 a week in current support for the remaining minor child and $25.00 a week on the arrearage. He denied the motion for modification on two points: (1) her "total noncompliance" with the court orders and (2) her failure to sustain the burden of proof that she does not have an earning capacity "sufficient to sustain the very minimal order of $25.00 per week from an ability to earn monies outside of her SSI income." The case was continued to May 1, 2002, for purposes of finding the specific arrearage ordered to the State and the defendant. The magistrate entered orders in accordance with the support enforcement officer's audit that the total arrearage as of April 25, 2002, was $35,000.00 with $20,600.00 due the State of Connecticut and $14,400.00 due the defendant.
The plaintiff filed the appeal from Family Support Magistrate pursuant to General Statutes § 46b-231 (n) pro se, on March 7, 2002, and Connecticut Legal Services through their attorney filed an appearance on her behalf on May 1, 2002. A hearing on the appeal was held before this court on June 4, 2002. The plaintiff appeared with counsel, the defendant appeared without counsel, and the assistant attorney general appeared representing the interests of the State of Connecticut. The court heard oral argument on the appeal. The plaintiff filed a memorandum of law in support of her appeal as well as a reply brief in response to the state's memorandum of law in opposition to the plaintiff's appeal. CT Page 14163-b
The jurisdictional requirements of the appeal section have been satisfied. It is clear that the superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the plaintiff/appellant have been prejudiced because of the decision of the family support magistrate. General Statutes § 46b-231 (n) (7). The test for determining whether a party is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995).
This court finds that, because the magistrate ordered the plaintiff to pay more than the child support guidelines suggest based upon the plaintiff's financial affidavit and because the magistrate ordered payment on the arrearage out of her SSI disability benefits in contravention of federal law, the plaintiff's specific, personal and legal interests have been specially and injuriously affected. The court, therefore, has jurisdiction to consider this appeal because the plaintiff properly and timely filed the present appeal and is aggrieved by Magistrate Lifshitz' decision.
 STANDARD OF REVIEW
The question of whether the review is plenary or whether it is an abuse of discretion is not based on whether it is a domestic relations case but is based on the nature of the particular issue under consideration.Unkelbach v. McNary, 244 Conn. 350, 366, 710 A.2d 717 (1998). Statutory construction is a question of law which requires plenary review. Charlesv. Charles, 243 Conn. 255, 258, 701 A.2d 650 (1997).
The issues under consideration deal with the interpretation of the statutory scheme that governs child support determinations in Connecticut. These issues are ones of statutory construction which are questions of law and therefore the review is plenary. New England SavingsBank v. Bedford Realty Corp., 246 Conn. 594, 599, note 7, 717 A.2d 713,17 (1998); Davis v. Norwich, 232 Conn. 311, 317, 654 A.2d 1221 (1995).
When the magistrate required the plaintiff to prove that she did not have an earning capacity, he was construing and applying the provisions of the regulations issued pursuant to General Statutes § 46b-215. When he found that she had an earning capacity, he was making a discretionary finding. In that case the review is not plenary, but the court must determine whether he abused his discretion. CT Page 14163-c
 DISCUSSION
The magistrate denied the motion to modify the child support order because the plaintiff was in "total noncompliance with an order, even though it was made directly, and she understood the order. And pursuant to the provisions of statute on that basis alone, the court decline[d] to modify the order."[2] (Tr. 18, 2/27/02.)
First, the correct standard for the granting of a motion for modification is whether there is a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines.[3]
There was no motion for contempt pending during the pendency of this motion for modification. Even if there were a motion for contempt based upon the plaintiff's failure to pay any child support under the original divorce judgment, General Statutes § 46b-8 provides that even if a motion for contempt were pending, the court may hear a motion for modification at the same time. Thus, the noncompliance with the court order does not automatically bar a modification. "The right of the trial court to defer action on the motion for modification under General Statutes § 46b-8 is discretionary." Avella v. Avella,39 Conn. App. 669, 674, 666 A.2d 822 (1995).[4]
The regulations promulgated pursuant to the Child Support Guidelines, § 46b-215a-2a, require the child support obligation to be first determined by calculating the parent's net income. General Statutes § 46b-215a. Under federal law, 42 U.S.C. § 407, an obligor cannot be compelled to pay child support out of SSI disability payments. This statute bars child support orders from a person whose only income is from SSI benefits. See Davis v. Office of Support Enforcement, 341 Ark. 349,358, 20 S.W.3d 273 (2000). SSI benefits and any state supplementation are excluded from the determination of gross income for purposes of ascertaining child support.[5] ". . . SSI is a federal social welfare program designed to provide a guaranteed minimum income level necessary for the subsistence of individuals who cannot work because of age, blindness or disability." Marrocco v. Giardino, 255 Conn. 617, 630,767 A.2d 720 (2001), citing Schweiker v. Wilson, 450 U.S. 221, 223,101 S.Ct. 1074,67 L.Ed.2d 186 (1981); Child Support and Arrearage Guidelines (1994) preamble, Sec. (f) (1) (c), p. viii, Young v. Young, 802 S.W.2d 594,598 (1990). CT Page 14163-d
The child support guidelines are to be considered in all determinations of child support in the state. "In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered." General Statutes § 46b-215b (a). The Supreme Court has held that a rebuttable presumption that the amount of support calculated through application of the guidelines is the amount of support to be ordered. Jenkins v.Jenkins, 243 Conn. 584, 586, fn. 2, 704 A.2d 231 (1998).
In addition to the erroneous finding that the plaintiff was in total disregard from the court order and therefore barred from seeking relief, the magistrate also found that she had not "sustained her burden of proof that she does not have an earning capacity . . ." (Tr. 18, 2/27/02.) In making this finding the magistrate failed to give the plaintiff the benefit of the statutory rebuttable presumption that the amount of support calculated under the child support guidelines is the amount of support to be ordered. General Statutes § 46b-215b. The state admitted that "the magistrate did misapply the law in placing upon the plaintiff the burden of proving her inability to work." (Tr. 12, 6/4/02.) The magistrate failed to give the plaintiff the benefit of this presumption and instead required her to prove that she had no earning capacity.
One of the deviation criteria which may justify a deviation from presumptive support amounts is the parent's earning capacity. Child Support Guidelines Regulations, Section 46b-215a-3 (1) (B). Deviation criteria become relevant only if a deviation from the amount of support calculated under the guidelines is sought pursuant to § 46b-215a-3. The amount of support determined without reference to the deviationcriteria, however, is presumed to be the correct amount of support. This presumption may be rebutted only by a specific finding on the record that it would be inequitable or inappropriate to apply the guidelines because of evidence satisfying one of the guideline's deviation criteria.Marrocco v. Giardino, supra, 255 Conn. 628-29. Earning capacity is a deviation criterion under the child support guidelines and as such, is used to rebut the presumptive guidelines amount. In addition to failing to give the plaintiff the benefit of the presumptive child support amount of $0.00, the magistrate did not make "a specific finding on the record that such amount would be inequitable or inappropriate . . ." Child Support Guidelines Reg. 46b-215a-3 (a). There was no basis for such a finding. CT Page 14163-e
In this case, there is no evidence from which the magistrate could have concluded that the plaintiff had an earning capacity from which she could have paid any child support. There was not a scintilla of evidence introduced during the course of the hearing indicating that the plaintiff had an ability to work. On the contrary, the plaintiff, acting on her own behalf at the hearing before the magistrate, complied with his request and furnished letters from her doctor and social worker regarding her medical condition and inability to work.[6] While the magistrate could choose to disregard her evidence, there was no evidence offered or elicited upon which such a finding could be made, particularly in light of the presumption to which she was entitled.
The magistrate abused his discretion when he implicitly made such a finding that the plaintiff had an ability to work. Additionally, the magistrate became an advocate for the position he wished to establish, namely that she had an earning capacity. There was no evidence that she could work let alone any evidence to establish how much she might be able to earn.
The only monies available to her were her SSI disability benefits which by federal law cannot be used for this purpose. "By requiring these benefits, specifically designed to guarantee a floor for the [plaintiff], to be diverted for child support purposes would be tantamount to uprooting that floor, indeed, undercutting the minimum support guarantee that these programs intended." Marrocco v. Giardino, supra,255 Conn. 638-39. When the magistrate denied the modification and ordered the payments, he failed to consider this provision of federal law which prevented him from entering such an order.
 ORDER
The orders of the magistrate of February 27, 2002 are reversed. The ongoing child support is modified to $0.00 effective February 27, 2002. The arrearage as of February 27, 2002 is hereby found to be $34,800.00. Payments on the arrearage are suspended until such time as it can be determined that the plaintiff has the ability to pay from other than her SSI disability payments.
Swienton, J.